SOLOMON GELLER ET AL., APPELLANTS, *v.* G. W. HUFF-AKER, RESPONDENT.

The interest which will render a person incompetent as a witness must be a direct interest in the judgment; he must either gain or lose by the direct legal operation or effect of the judgment or the record of it must be such as would make it legal evidence for or against him in some other action.

To entitle a verdict and judgment thereon to be given in evidence, it must be between the same parties or privies, and upon the same point. Except where the verdict or judgment is upon subjects of a public nature, such as customs and the like.

The only facts which a verdict establishes are those which are necessary to support it, and upon which issue has been joined.

If a complaint contain several counts or several distinct grounds, upon either of which a recovery could be had, and the general issue is pleaded, a general verdict and judgment thereon in such a case could not be given in evidence to establish all the grounds upon which plaintiff claimed the right to recover.

APPEAL from the First Judicial District of the Territory of Nevada, Washoe County, Hon. J. W. NORTH, presiding.

*Bryan & Seely*, for Appellants.

If a party will either gain or lose by the direct legal operation and effect of the judgment, or if the record will be legal evidence for or against him in some other action, he is not a competent witness, otherwise he is, so far as interest is concerned.   (1 Greenleaf, 386–390.)

A witness may be interested in the question to be decided and still be competent.   (1 Greenleaf, 389.)

The interest, too, must be *real* and not merely apprehended by the party.   (1 Greenleaf, 387.)

Langley's interest was merely an apprehended interest, and that only in the question, not in the result.

*Perley & DeLong*, for Respondent.

The record should show the specific purpose for which the witness was offered.   (*Sparks* v. *Kohler*, 3 Cal. 299.)

We maintain that, tested by the statutory rule, the witness was incompetent on the ground of interest.

We contend that he was interested directly, for the reason also, that equity following the legal determination of this Court would, if the plaintiffs had recovered, have restrained defendant from diverting the waters of the stream, and an application for that purpose is now pending in the Court below.

We maintain that if plaintiffs had recovered judgment against defendant in this action, that the judgment would have been legal evidence on behalf of Langley, the witness, to establish his right to the same water, and to have entitled him to have recovered damages of defendant in an action precisely similar to this, for the reason that plaintiff claims a right to recover, not upon the ground of prior appropriation of the waters of the stream, but upon the ground that the channel running through his farm and that of the witness was the natural channel of the stream, and being such a diversion of the waters therefrom was a trespass upon his riparian rights. (1 Greenleaf on Evidence, 334.)

Opinion by LEWIS, C. J., full Bench concurring.

This action is brought to recover the sum of five thousand dollars damages alleged by plaintiffs to have been sustained by them by reason of the diversion of the water of Thomas' Creek from their land by the defendant. The plaintiffs allege that they are the owners of certain arable land in the County of Washoe; that the water of Thomas' Creek naturally did flow, and of right ought to flow, through their land, and also that they were entitled to have the water of said creek flow through their land, by reason of their prior appropriation of the same. Upon the trial of the case below, the plaintiffs introduced one Langley as a witness on their behalf, for the purpose of proving the allegation of the complaint generally. Langley is the owner of a tract of arable land lying above plaintiffs' ranch, on the same stream. It is admitted that if the water of the creek was permitted to flow to the land of plaintiff, through what they claimed to be the natural channel, it would pass through the land of the witness; and the witness stated, upon his *voir dire*, that he was interested in having the water of the creek flow through this natural channel to the plaintiffs' ranch, and that it would also take it through his land.

Upon the trial the question arose as to the location of the natural channel of the stream; the plaintiffs claiming that it was the channel which carried the water through their land, and the defendant claiming that there had been no diversion, but that the natural channel was through his land, and that the stream had naturally taken that course without any artificial means employed to divert it from plaintiffs' land.

The defendant's counsel objected to the testimony of Langley, upon the ground of interest, the witness (counsel claiming) having an interest in the event of the action.

The statute of Nevada, which is but an enunciation of the common law rule, clearly specifies what shall constitute such an interest as will render a witness incompetent on the ground of interest. Section 341, p. 373, provides that "the true test of the interest of a person which shall render him incompetent as a witness, shall be that he will gain or lose by the direct legal operation and effect of the judgment; or that the

record of the judgment will be legal evidence for or against him in some other action."

Can it be said that the witness, Langley, would gain or lose by the *direct legal* operation and effect of the judgment in this case, which could only be for the recovery of a specific sum of money? Certainly not; neither would he lose if the defendant prevailed. The judgment, if in favor of the plaintiffs, would not return the waters of Thomas' Creek to the land of plaintiffs, or to that of witness. And if the plaintiffs were intending to use the judgment in their action as a basis for an injunction in another action, the interest would even then be uncertain and contingent, depending upon the pleasure of plaintiffs to bring such second suit.

The interest which will render a witness incompetent must be, says Greenleaf, " a present, certain and vested interest, and not an interest uncertain, remote or contingent." (1 Greenleaf on Evidence, sec. 390.) Surely, the mere fact that the witness owned land on the same stream with the plaintiffs would not give him a present, certain or vested interest in the result of an action brought by plaintiffs to recover damages for the diversion of the stream. If this were an action to obtain an injunction against the defendant to restrain him from diverting the waters of the creek from the plaintiffs' land, a different question would present itself.

But would the record of the judgment in this action be legal evidence for or against the witness in some other action?

We think not. The general rule is, that to entitle a verdict and judgment thereon to be given in evidence, it must be upon the same point and between *the same parties.* (2 Cowen and Hill's Notes to Phillips' Evidence, 42 Id. 168; 1 Greenleaf, sections 522 and 523.) But there are some exceptions to this general rule, as where the verdict or judgment is upon subjects of a public nature, such as customs and the like. And Greenleaf (volume 1, section 405) says: " The usual and clearest illustration of this breach of the rule is the case of an action brought by or against one of several persons who claim a customary right of common, or some other species of customary right. In general, in all cases depending on the existence of

a particular custom, a judgment establishing the custom is evidence, though the parties are different."

Upon this authority the defendant's counsel insists that the witness is incompetent, because he says the verdict would establish the natural channel of the stream, and, therefore, could be used by the witness in some other action.

But the verdict in this case would not establish any such fact. The only facts which the verdict could establish would be such as were *necessary* to support the verdict, and upon which issue had been joined. If a complaint contain several counts or several distinct grounds upon either of which a recovery could be had, and the general issue is pleaded, a general verdict and judgment thereon in such a case certainly could not be given in evidence to establish all the grounds upon which plaintiff claimed the right to recover. (2 Cowen and Hill's Notes to Phillips' Evidence, pp. 36 and 37.)

Hence, say Cowen and Hill, p. 37, " a verdict and judgment for the defendant on the general issue pleaded, in which the plaintiff claimed damages consequent upon the defendant's act in wrongfully raising his mill-dam, will not estop the plaintiff from alleging the same act as the occasion of damages subsequently sustained. *For the finding in the former action may have been on the grounds that the plaintiff was not injured by the raising of the dam, or had released his cause of action, or had given the defendant permission to do the act complained of, etc., and did not necessarily determine the defendant's right to raise his dam and continue it in that state."*

Citing *Shafe* v. *Stonebreaker*, 4 Gill and John, 345, 355 and 356. The reason given why the verdict should not conclude the parties in the second action, was because the first *may not* have been upon the same point at issue.

So in the case at bar, the verdict of the jury which, if for the plaintiffs, would be for a certain sum of money, might have been found upon the fact that the plaintiffs were the prior appropriators of the water of Thomas' Creek, and not upon the ground that the natural channel of the stream passed through their land.

The plaintiffs claiming the right to recover upon two distinct grounds, priority of appropriation, and that the water was

diverted out of its natural channel, and issue being taken upon both points, therefore a general verdict would only establish the fact that the plaintiffs were entitled to have the waters of Thomas' Creek flow through their land, but whether, upon the ground that they were the prior appropriators, or that the natural channel passed through their land, a general verdict would not determine. We conclude, therefore, that Langley had no interest in the event of the suit, and that the verdict and judgment in this case could not be used by or against him in another suit.

It is also claimed that to show error in the Court below in rejecting the witness, the record should show the specific purpose for which he was offered. This is clearly untenable. The witness was introduced to prove the entire case, and plaintiffs claim that he is competent.

The case of *Sparks* v. *Kohler*, 3 Cal. p. 299, is not an analogous case. In that case the witness, Kohler, was only competent upon a single point, but was offered generally, the witness being incompetent generally, and the specific point upon which he was called not being stated, the Court was correct in excluding him; but in this case the witness, Langley, is competent generally. The Court below, therefore, erred in excluding him.

Let the case be remanded for further proceedings.